916 F.2d 711
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis WILLIAMS, a/k/a Dennis Leonard, a/k/a Nushwill St.
Albans Williams, a/k/a George Washington Barker,
a/k/a Devon, Defendant-Appellant.
 No. 89-5262.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 1, 1990.
Decided Oct. 19, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CR-89-104-HAR)
 Robert B. Green, Irwin, Kerr, Green, McDonald & Dexter, Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Billy S. Bradley, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dennis Williams appeals his conviction of conspiracy to distribute over 500 grams of cocaine base (21 U.S.C. Sec. 846) and the Guidelines sentence imposed. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in his view there are no nonfrivolous issues for appeal. Williams has filed a supplemental pro se brief on his own behalf.
 
 
 2
 Williams asserts that there was no evidence that the conspiracy involved more than 500 grams of crack, as stated in his presentence report, and that his offense level was set improperly high as a result. This argument was made by Williams' attorney at sentencing and rejected by the district court. We review the district court's determination as to the amount of drugs under the clearly erroneous standard, United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989), and find no error. Williams also claims that the prosecutor misrepresented the amount of drugs as being over 500 grams in his closing argument. We find that amount to be a reasonable inference from the evidence presented.
 
 
 3
 Williams further contends that his sentence was unduly harsh because co-defendants received lesser sentences and because this was his first offense. However, his criminal history score reflected his lack of prior offenses. A co-defendant's lesser sentence does not warrant a departure from a properly computed Guidelines sentence. United States v. Goff, 907 F.2d 1441 (4th Cir.1990).
 
 
 4
 Finally, Williams claims that the judge instructed the jury to find him guilty and that his attorney was ineffective in several respects. We find the alleged improper instruction to be simply a minor error in the transcription. The ineffective assistance claim is more properly brought in a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255, and we do not reach it here.
 
 
 5
 In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 6
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. Therefore, counsel's motion to withdraw from further representation is denied.
 
 
 7
 AFFIRMED.